UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO MADRID,<br><br>          Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>          Defendants. | Case No.: 1:14-cv-00516-AWI-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>ORDER DENYING MOTION FOR EXTRAORDINARY WRIT AS MOOT<br>(ECF No. 15)<br><br>THIRTY-DAY DEADLINE |

**I.     Screening Requirement and Standard**

Plaintiff Alejandro Madrid ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 21, 2013. (ECF No. 1.) The action was transferred to this Court on April 11, 2014. (ECF No. 10.) On September 29, 2014, Plaintiff filed a motion for extraordinary writ requesting a response to his complaint. (ECF No. 15.) The Court construes the motion as one for screening of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's complaint, filed on October 21, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

1

1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at the Sierra Conservation Center in Jamestown, California. Plaintiff is suing the California Department of Corrections and Rehabilitation and unidentified medical staff in their individual and official capacities.

Plaintiff alleges the following: Since March 14, 2009, while confined within the San Joaquin County Jail, Plaintiff informed medical staff and jail employees that he needed a complete shoulder replacement as told to him by his doctor, Joanne Chow, at Kaiser Permanente. Medical staff documented his complaints of pain and requests for shoulder surgery. They required him to sign a medical release form for his medical records from Kaiser Permanente.

2

After two years of complaints of shoulder pain and requests for shoulder replacement, Plaintiff was taken to San Joaquin General Hospital for treatment. Dr. Noback diagnosed Plaintiff as needing complete shoulder replacement.

Plaintiff was transported to the Department of Corrections and Rehabilitation on November 24, 2010. His medical file was transported with him. On or about November 29, 2010, Plaintiff went to his orientation doctor's check-up. He explained his medical condition, i.e., his pain and shoulder. CDCR medical staff eventually took Plaintiff off his medication. Plaintiff continued to complain.

In April 2011, Plaintiff was transported to Pleasant Valley State Prison, where he complained to medical staff about his pain and the need for shoulder surgery. Plaintiff was prescribed inadequate pain medication. After continued requests for medical care of his shoulder, Plaintiff was taken to the main infirmary for x-rays. He was diagnosed as needing surgery.

On or about June 6, 2012, Plaintiff was taken to a telemec medical session where he talked with a surgeon. The surgeon made a medical decision that Plaintiff needed a complete shoulder replacement.

Plaintiff was again taken to a medical telemex where another surgeon discussed the operational procedure for a shoulder replacement and informed Plaintiff that he would see him soon. No surgery ever took place. Plaintiff continued to complain to Dr. Ola, who said that Plaintiff needed shoulder surgery, but that Sacramento was delaying the request.

Plaintiff contends that he continues to suffer pain from inadequate pain medication and he has not been provided shoulder replacement. Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.

**III.   Discussion**

    **A.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link any defendant medical staff to any alleged constitutional violation. Plaintiff will be given leave to cure this deficiency. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did that resulted in a violation of his rights.

### B. Eleventh Amendment – Official Capacity

To the extent Plaintiff seeks to bring claims against CDCR or defendants in their official capacities for monetary damages, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir.2007).  As such, the Eleventh Amendment bars any claim for monetary damages against CDCR or medical staff defendants in their official capacities.

### C. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Here, Plaintiff's allegations are adequate to state a cognizable claim for deliberate indifference to his serious medical needs. However, as noted above, Plaintiff fails to link any individual defendant to the alleged violation of his constitutional rights. Plaintiff's generalized allegations against CDCR and the prisons where he was housed are not sufficient. Plaintiff will be given leave to cure this deficiency.

### D. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary.

### IV. Motion for Extraordinary Writ

On September 29, 2014, Plaintiff filed a motion for extraordinary writ requesting a response to his complaint. (ECF No. 15.) As the Court has completed its screening and is issuing the instant order, Plaintiff's request for a response to his complaint is now moot and shall be denied.

### V. Conclusion and Order

Although Plaintiff has set forth sufficient allegations to state an Eighth Amendment claim for deliberate indifference to serious medical needs, he has failed to link his claims to any individual

5

defendant. The Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Plaintiff's motion for extraordinary writ is DENIED as moot;
4. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and
5. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **October 6, 2014**           /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE