UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO MADRID,<br><br>            Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>            Defendants. | Case No.: 1:14-cv-00516-AWI-BAM (PC)<br><br>SCREENING ORDER DISMISSING SECOND AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 19)<br><br>THIRTY-DAY DEADLINE |

**I.      Screening Requirement and Standard**

Plaintiff Alejandro Madrid ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on October 21, 2013.  (ECF No. 1.)  The action was transferred to this Court on April 11, 2014.  (ECF No. 10.)  On January 13, 2015, the Court dismissed Plaintiff's first amended complaint with leave to amend.  (ECF No. 18.)  Plaintiff's second amended complaint, filed on February 9, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1  from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §
2  1915(e)(2)(B)(ii).
3       A complaint must contain "a short and plain statement of the claim showing that the pleader is
4  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell
7  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's
8  allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.
9  Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
10 omitted).
11      To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient
12 factual detail to allow the Court to reasonably infer that each named defendant is liable for the
13 misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v.
14 United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant
15 acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the
16 plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572
17 F.3d at 969.

18     **II.**    **Plaintiff's Allegations**
19      Plaintiff is currently housed at the Sierra Conservation Center in Jamestown, California.  The
20 events in the complaint allegedly occurred while Plaintiff was housed at Pleasant Valley State Prison
21 (PVSP).  Plaintiff names the following defendants:  (1) Jeffrey Beard, Secretary of the California
22 Department of Corrections and Rehabilitation (CDCR); (2) Dr. Akinwumi Ola; (3) Dr. Ulysis Baniga;
23 (4) Charles Young, Chief Executive Officer, Health Care Services; (5) L. D. Zamora, Chief Appeals
24 Coordinator; and (6) the Medical Authorization Review Committee.  Plaintiff brings suit against
25 defendants in their individual and official capacities.
26     Jeffrey Beard
27      Plaintiff contends that Jeffrey Beard is responsible for the overall daily operation of prisons
28 and failed to ensure an effective plan for medical care at PVSP.  Plaintiff alleges that Secretary Jeffrey

2

Beard knew or should have known that Plaintiff had a severe shoulder injury and he needed surgery because Plaintiff filed several 602 grievances that required a response from the third level, which is the Secretary's level. Plaintiff alleges that Defendant Beard is directly involved and responsible because the denial of Plaintiff's grievances at the third level caused the violations of Plaintiff's right to medical care. Plaintiff contends that Defendant Beard's response was a direct failure to remedy the wrongs complained of and constituted a willingness to continue a policy or custom. Plaintiff further alleges that the denial of the grievances was gross negligence in Defendant Beard's supervision of his subordinates.

### Doctor Ola

Plaintiff alleges that Doctor Ola failed to follow the rules, policies and guidelines for treatment of prisoners with serious medical needs at PVSP. Plaintiff alleges that Doctor Ola failed to follow the rules, policies and medical guidelines when he became aware that Plaintiff had a severe shoulder injury that required surgery and failed to provide adequate medical care and pain medication for Plaintiff's injury. Plaintiff alleges that Doctor Ola's refusal to provide adequate pain medication or to take the steps necessary to ensure Plaintiff received a shoulder replacement once he became informed by outside specialists and orthopedic surgeons was a direct violation of Plaintiff's right to adequate medical care and constituted deliberate indifference to Plaintiff's medical needs. Plaintiff alleges that as a result of Doctor Ola's negligence, Plaintiff was forced to endure intense pain and suffering. Plaintiff further alleges that Doctor Ola failed to fully document Plaintiff's need for a shoulder replacement and, as a result, Plaintiff's 602 grievance was denied at the third level, which delayed and interfered with treatment for Plaintiff's injuries. Doctor Ola was Plaintiff's primary care provider and was completely informed of the long history of Plaintiff's request for medical care of his shoulder. Plaintiff alleges that Doctor Ola was responsible for ensuring Plaintiff was taken to the hospital for shoulder replacement, but he failed to do so. As a result, Plaintiff was forced to endure intense pain and suffering.

### Doctor Baniga

Plaintiff alleges that Doctor Baniga is responsible for the medical treatment of prisoners at PVSP with serious medical needs. Plaintiff alleges that Doctor Baniga is responsible for making

3

medical decisions to grant or deny medical assistance to prisoners seeking medical care on 602 inmate grievances.  Plaintiff contends that Doctor Baniga's decisions are made on available information and medical need. Doctor Baniga had access to Plaintiff's medical file and was fully aware that Plaintiff had a serious shoulder injury.  The file contained numerous requests for care of Plaintiff's shoulder, the need for effective pain medication and the need for a shoulder replacement.  Plaintiff further alleges that there are two recommendations from two separate surgeons employed by Bakersfield Memorial Hospital that determined Plaintiff needed a shoulder replacement.  Doctor Baniga had full knowledge of Plaintiff's medical needs, but failed to institute an effective treatment plan.  Instead, he chose to partially grant Plaintiff's grievance and opted to continue the ineffective treatment plan of Doctor Ola.  Plaintiff contends that this constituted a willingness to directly participate in a violation of Plaintiff's right to medical care, which subjected Plaintiff to intense pain and suffering and risk of permanent damage to his shoulder.  Doctor Baniga was responsible for making adequate medical care available on Plaintiff's grievance, but refused to remedy the wrong and persisted in a course of treatment that was ineffective.  Plaintiff alleges that he never received therapy, activity modification or effective pain medication.

### Charles Young

Plaintiff alleges that Doctor Young is responsible for the medical treatment of prisoners with serious medical needs and for making medical decisions to grant or deny medical assistance to prisoners seeking medical care on 602 inmate grievances.  Doctor Young's decisions are made on available information and medical need.  Doctor Young had access to Plaintiff's medical file and was fully aware that Plaintiff had a serious shoulder injury because Plaintiff's file continued numerous requests for care of his shoulder, the need for effective pain medication and the need for shoulder replacement.  Additionally, there were two recommendations from two separate surgeons employed by Bakersfield Memorial Hospital that determined Plaintiff needed a shoulder replacement.  Doctor Young had full knowledge of Plaintiff's medical need, but failed to institute effect treatment.  Instead, he chose to partially grant Plaintiff's grievance and continue the ineffective treatment plan of Doctor Ola.  Plaintiff contends that this constituted a willingness to directly participate in the violation of Plaintiff's right to medical care and subjected Plaintiff to pain, suffering and a substantial risk of

permanent damage to his shoulder. Doctor Young was responsible for making adequate medical care available on Plaintiff's 602 grievance, but refused to remedy the wrongs. Doctor Young chose a course of treatment that was ineffective. Plaintiff never received therapy, activity modification or effective pain medication.

### L. D. Zamora

Plaintiff alleges that Defendant Zamora is Chief of California Correctional Care Services at the third level, i.e. "Director's Level," and is responsible for making medical decisions on behalf of the Secretary of CDCR regarding whether to deny or grant 602 grievances seeking medical care. Defendant Zamora's decisions are to be made on available information and medical need. Defendant Zamora was fully aware that Plaintiff had a serious shoulder injury based on the fact that Plaintiff's medical file contained numerous requests for care of his shoulder, the need for adequate pain medication and the need for shoulder replacement. In addition, there were two recommendations from surgeons employed by Bakersfield Memorial Hospital that determined Plaintiff needed a shoulder replacement. Having full knowledge of Plaintiff's injury and medical needs, Defendant Zamora refused to institute an effective treatment plan for Plaintiff. Defendant Zamora allegedly lied on Plaintiff's 602 grievance by stating there was no documentation by the primary care provider to indicate the need for a shoulder replacement in Plaintiff's health care records. Plaintiff alleges that this conduct violated his due process rights and constituted a total disregard for his medical needs. Plaintiff further alleges that Defendant Zamora's denial of the 602 grievance established Defendant Zamora's willingness to directly participate and allow the violation of Plaintiff's constitutional rights. Even though Defendant Zamora was informed of the violations by way of appeal, he failed to remedy the wrongs.

### Medical Authorization Review Committee

Plaintiff alleges that the members of the medical authorization review committee are responsible for authorizing surgeries for prisoners with serious medical needs. Plaintiff asserts that members of the review committee make decisions to grant or deny authorization for surgeries based on available information and medical need. Each member of the review committee had access to Plaintiff's medical file and was fully aware that he had a serious shoulder injury that needed corrective

5

surgery. The request for surgery was brought before the committee based on the recommendations of two surgeons that Plaintiff needed a shoulder replacement. Having full knowledge of Plaintiff's injury and his need for surgery, the review committee refused to provide the necessary care. Instead, the review committee disregarded Plaintiff's need and he was compelled to suffer pain and mental anguish. Plaintiff asserts that each member of the review committee has a medical background and knew that Plaintiff's condition significantly affected his activities of daily living and that he suffered from chronic pain. Plaintiff alleges that the review committee failed to carry out its responsibility to make adequate medical care available.

Plaintiff seeks declaratory relief, along with compensatory and punitive damages against the individual defendants.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. As Plaintiff is proceeding pro se, the Court will grant Plaintiff a final opportunity to amend his claims. To assist Plaintiff, the Court provides the following pleading and legal standards relevant to his claims.

#### A. Pleading Standards

##### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint fails to set forth the necessary facts to state a claim that is plausible on its face. Plaintiff's complaint lacks basic details, such as what happened, when it happened and who was involved. Plaintiff's generalized and conclusory statements and recitals of the elements of a claim are

not sufficient.  If Plaintiff elects to amend his complaint, he must provide a short and plain statement of the facts demonstrating that he is entitled to relief.

### 2. Eleventh Amendment and Official Capacity

To the extent Plaintiff seeks to bring a claim for damages against defendants in their official capacities, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  As such, the Eleventh Amendment bars any claim for monetary damages against defendants in their official capacities.

### B. Legal Standards

### 1. Supervisory Liability

Plaintiff appears to bring suit against Defendant Beard based on his role as supervisor. However, supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir.2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir.2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir.2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

Plaintiff fails to state a cognizable claim against Defendant Beard.  Plaintiff alleges that Defendant Beard was aware of Plaintiff's condition because he reviewed Plaintiff's grievances at the third level of review.  However, Plaintiff later contradicts this assertion by claiming that Defendant Zamora was responsible for making medical decisions on behalf of Secretary Beard at the third level of review.

### 2. Grievance Procedure

Plaintiff appears to bring suit against Defendant Zamora based on the denial of Plaintiff's inmate appeal. Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

Plaintiff fails to state a cognizable claim against Defendant Zamora based on the denial of his inmate appeal. Plaintiff claims that Defendant Zamora lied when basing the denial of Plaintiff's grievance on a lack of documentation by Plaintiff's primary care providers indicating the need for a shoulder replacement. Plaintiff's allegations against his primary care providers support Defendant Zamora's determination that they did not recommend shoulder surgery. Plaintiff's disagreement with his medical providers is discussed below in greater detail.

### 3. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010).

"Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

### Doctor Ola

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against Defendant Ola. Plaintiff's allegations involving Defendant Ola are conclusory and lack sufficient factual detail. At best, Plaintiff has alleged a difference of opinion regarding Defendant Ola's treatment plan and the need for surgery. This is not sufficient to state a cognizable Eighth Amendment claim. Toguchi, 391 F.3d at 1057–58, 1060 (a difference of opinion between a healthcare professional and a prisoner does not rise to the level of deliberate indifference; negligence in diagnosing or treating a medical condition also does not amount to deliberate indifference).

Plaintiff will be given leave to cure these deficiencies.

### Doctor Baniga

Plaintiff fails to state a cognizable deliberate indifference claim against Defendant Baniga. Plaintiff admits that Defendant Baniga partially granted his grievance and agreed with the provided treatment plan. Plaintiff's disagreement with the plan is not sufficient to state a constitutional violation. A difference of opinion between a prisoner and prison medical authorities regarding treatment does not give rise to a section 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). Further, Plaintiff fails to allege that Defendant Baniga was responsible for the plan's implementation or for Plaintiff's alleged failure to receive physical therapy, effective pain medication or activity modification. Plaintiff's allegations are conclusory and fail to provide sufficient factual detail. Plaintiff will be given leave to cure these deficiencies.

### Charles Young

As with Doctor Baniga, Plaintiff fails to state a cognizable deliberate indifference claim against Defendant Young. Plaintiff admits that Defendant Young partially granted his grievance and agreed with the provided treatment plan. To the extent Plaintiff disagreed with the plan, his disagreement is

not sufficient to state a constitutional violation.  <u>Franklin</u>, 662 F.2d at 1344; <u>Mayfield</u>, 433 F.2d at 874.  Further, Plaintiff fails to allege that Defendant Young was responsible for the plan's implementation or for Plaintiff's alleged failure to receive physical therapy, effective pain medication or activity modification.  Plaintiff's allegations are conclusory and fail to provide sufficient factual detail.  Plaintiff will be given leave to cure these deficiencies.

<u>Medical Authorization Review Committee</u>

Plaintiff disagrees with the Medical Authorization Review Committee's denial of his shoulder surgery.  As noted above, a difference of opinion between a prisoner and prison medical authorities as to what treatment is proper and necessary does not give rise to section 1983 claim.  <u>Mayfield</u>, 433 F.2d at 874.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  Although Plaintiff has been granted multiple opportunities to cure the deficiencies in his complaint, in an abundance of caution the Court will grant Plaintiff one more opportunity to cure the identified deficiencies in his complaint.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey</u>, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

  2. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;

  3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint; and

  4. <u>If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed for failure to state a claim and failure to obey a court order</u>.

IT IS SO ORDERED.

  Dated:  **July 22, 2015**     /s/ *Barbara A. McAuliffe*
                UNITED STATES MAGISTRATE JUDGE

11