1

2

3

4

5

6

7

8                            **UNITED STATES DISTRICT COURT**

9                           **EASTERN DISTRICT OF CALIFORNIA**

10

11   ALEJANDRO MADRID,                    )   Case No.: 1:14-cv-00516-AWI-BAM (PC)
                                          )
12                Plaintiff,              )   ORDER DENYING MOTIONS FOR THE
                                          )   APPOINTMENT OF COUNSEL
13          v.                            )   (ECF Nos. 23, 24)
                                          )
14   DEPARTMENT OF CORRECTIONS, et al.,   )   FINDINGS AND RECOMMENDATIONS
                                          )   REGARDING DISMISSAL OF ACTION FOR
15                Defendants.             )   FAILURE TO STATE A CLAIM
                                          )
16                                        )
                                          )   FOURTEEN-DAY DEADLINE
17                                        )
                                          )
18   ─────────────────────────────────── )

19                            **Findings and Recommendations**

20          Plaintiff Alejandro Madrid ("Plaintiff") is a state prisoner proceeding pro se and in forma

21   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on

22   October 21, 2013.  (ECF No. 1).  The action was transferred to this Court on April 11, 2014.  (ECF

23   No. 10).  On July 21, 2015, the Court dismissed Plaintiff's second amended complaint with leave to

24   amend.  (ECF No. 20).  On August 17, 2015, Plaintiff filed his third amended complaint.  (ECF No.

25   21).

26          On June 17, 2016, after a delay in screening, Plaintiff filed a motion requesting a response to

27   his amended complaint, which included a request for the appointment of counsel.  (ECF No. 23).  As

28   the Court is now screening Plaintiff's third amended complaint, his request for a response to the

                                                 1

complaint is unnecessary and DENIED as moot.  Plaintiff's concurrent motion for the appointment of counsel is addressed below in greater detail.

On September 6, 2016, Plaintiff additionally requested leave to amend his complaint combined with a request for the appointment of counsel.  The Court construes the motion as one for the appointment of counsel with subsequent leave for counsel to submit an amended complaint.  (ECF No. 24).  For the reasons discussed below, Plaintiff's motions for the appointment of counsel shall be denied.

## I.      Motions for the Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Plaintiff has not identified any circumstances warranting the appointment counsel beyond his desire to present his claims to the Court.  However, even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

Based on the foregoing, Plaintiff's motions for the appointment of counsel are DENIED.  The Court now turns to the screening of Plaintiff's third amended complaint.

## II.        Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## III.       Plaintiff's Allegations

Plaintiff is currently housed at the Sierra Conservation Center in Jamestown, California.  The events in the complaint allegedly occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP").  Plaintiff names the following defendants:  (1) Jeffrey Beard, Secretary of the California

Department of Corrections and Rehabilitation ("CDCR"); (2) Dr. Akinoumi Ola; (3) Dr. Ulysis Baniga; (4) Charles Young, Chief Executive Officer, Health Care Services; (5) L. D. Zamora, Chief Appeals Coordinator; and (6) the Medical Authorization Review Committee.

Jeffrey Beard

Plaintiff alleges as follows:

Jeffrey Beard is the Secretary of C.D.C. and is responsible for the implement of an effective medical [treatment] plan for all prisoner[s] within the C.D.C. Jeffrey Beard failed to ensure an effective medical treatment plan was implemented at [PVSP], because the medical plan at Pleasant Valley was not adequate to ensure Plaintiff [received] proper care for his shoulder injury. As a result, Jeffrey Beard[']s treatment plan for prisoners with serious medical needs was inadequate and deprived Plaintiff his right to adequate medical care by qualified Drs. This lack of medical procedural safeguards violated the Constitution[']s Eighth Amendment clause[] which protected Plaintiff from cruel and unusual punishment. As a result of Jeffrey Beard[']s inadequate medical plan, Plaintiff suffered intense pain & suffering. Additionally, as a result of Jeffrey Beard[']s inadequate treatment plan, medical staff were allowed to [overlook] the fact that Plaintiff had a serious medical need which was diagnosed by at least two surgical physicians as needing, and/or mandating treatment, as well as proscribing treatment I.E. Tylenol w/[codeine] for Plaintiff's pain which was not sufficient to ease Plaintiff's discomfort, and significantly affected Plaintiff's daily activities. Plaintiff could not exercise or participate in any sports/work.

(ECF No. 21 at pp. 3-4).

Dr. Ola

Plaintiff alleges:

Dr. Ola is employed by the Department of Corrections at [PVSP] and is responsible for the treatment to prisoners with serious medical needs. Dr. Ola knew Plaintiff had a long history of shoulder complaints spanning over a period of four years wherein at least three [surgeons] diagnosed and mandated treatment for Plaintiff shoulder injury. Dr. Ola failed to follow medical [protocol] in providing sufficient treatment for Plaintiff's injuries, as well as, refused to follow the diagnosis of three surgeons. This failure violated the Constitution's Eight[h] Amendment clause[] of the United States and constituted deliberate indifference to Plaintiff's medical needs which cause severe pain and mental anguish. While under Dr. Ola's care Plaintiff never [received] adequate care or proper medication to control Plaintiff's pain. Additionally, Dr. Ola failed to fully document Plaintiff's shoulder injury and as a result caused Plaintiff's 602 request for medical care to be denied at the highest level. This conduct deprived Plaintiff of his right to adequate medical care and violated the Constitution's [Eighth] Amendment.

(ECF No. 21 at pp. 4-5).

///

4

1

<u>Dr. Baniga</u>

2

Plaintiff alleges:

3

Dr. Baniga is employed by the department of corrections at [PVSP] and is responsible for

4

the treatment to prisoners with serious medical needs.  Dr. Baniga knew Plaintiff had a long history of shoulder complaints spanning over a period of 4 years wherein at least

5

three surgeons diagnosed and mandated treatment for Plaintiff's shoulder injury.  Dr.

6

Baniga failed to follow the diagnosis of these three surgeons and his failure violated medical [protocol] because Plaintiff was deprived of his right to adequate medical care.

7

This conduct violated the Eighth Amendment clause[] of the Constitution and constituted deliberate indifference to Plaintiff's medical needs which resulted in severe pain and

8

mental anguish.  During the 602 grievance process Plaintiff was under the care of Dr.

9

Baniga who [chose] to continue in the ineffective medical plan of Dr. Ola, even though he knew Plaintiff complained that the plan was not working.  This course of treatment

10

resulted in further pain and suffering and violated Plaintiff['s] constitutional right to be free from cruel and unusual punishment, and delayed the process for surgery.

11

(ECF No. 21 at p. 6).

12

<u>Dr. Young</u>

13

Plaintiff alleges:

14

Charles Young is employed by the Department of Corrections at [PVSP] and is

15

responsible for the treatment of prisoners with serious medical needs.  Charles Young knew Plaintiff had a long history of shoulder complaints spanning over a period of 4

16

years wherein at least 3 surgeons diagnosed and mandated treatment for Plaintiff's shoulder injury.  Charles Young failed to follow the diagnosis of these three surgeons and

17

his failure violated medical [protocol] because Plaintiff was ultimately denied his right to

18

adequate medical care.  This conduct violated the Eighth Amendment clause[] of the Constitution and constituted deliberate indifference to Plaintiff's medical needs which

19

resulted in severe pain and mental anguish.  During the 602 process Plaintiff was under

20

the care of Charles Young who [chose] to continue the ineffective medical plan of Dr. Ola, even though he knew Plaintiff complained that the plan was not working.  This

21

course of treatment resulted in further pain and suffering and violated Plaintiff's constitutional right to be free from cruel and unusual punishment, and delayed the

22

process for surgery.

23

(ECF No. 21 at p. 7).

24

<u>L. D. Zamora</u>

25

Plaintiff alleges:

26

L.D. Zamora is employed by the Department of Corrections as Chief of California Correctional Care Services at the third level.  His responsibility is to ensure prisoners

27

with serious medical needs [receive] adequate medical care.  L.D. Zamora knew Plaintiff

28

had a long history of shoulder complaints spanning over a period of 4 years where at least 3 surgeons diagnosed and mandated treatment for Plaintiff's shoulder injury.  L.D.

Zamora failed to follow the diagnosis of these three surgeons therefore his failure violated medical [protocol] which ultimately denied Plaintiff his right to adequate medical care.  This conduct violated the Eighth Amendment clause[] of the Constitution and constituted deliberate indifference to Plaintiff's medical needs which caused severe pain and mental anguish.  During the 602 process Plaintiff was under the care of L.D. Zamora who [chose] to deny Plaintiff's 602 request for medical care and [chose] to continue the ineffective medical plan of Dr. Ola even though he knew Plaintiff complained the plan was not working.  L.D. Zamor[a']s denial caused further pain and suffering and violated Plaintiff's right to be free from cruel and unusual punishment, and the process for surgery.

(ECF No. 21 at p. 8).

Medical Authorization Review Committee

Plaintiff alleges:

Each member of the "Medical Authorization Review Committee" are employed by the Department of Corrections.  Their responsibility is to ensure prisoners with surgical needs are treated in accordance to medical diagnosis and recommendations provided by surgeons contracted by C.D.C.  Each member of the "MAR" committee knew Plaintiff had a long history of shoulder complaints spanning over a period of 4 years where at least 3 surgeons diagnosed and mandated treatment for Plaintiff's shoulder injurty, yet they refused to follow the recomme[n]dations provided  Their conduct violated medical protocal [sic] which denied Plaintiff his right to adequate medical care.  Their conduct violated the Eighth Amendment Clauses of the Constitution, and constituted deliberate indifference to Plaintiff's medical needs which caused severe pain and mental anguish.  Their refusal to authorize Plaintiff's surgery resulted in violation of Plaintiff's right to be free from cruel and unusual punishment, and delayed the process for prisoner surgery.

(ECF No. 21 at p. 9).

Plaintiff seeks declaratory relief, along with compensatory and punitive damages against the individual defendants.

**IV.   Discussion**

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974).

While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's third amended complaint is short, but fails to set forth the necessary facts to state a claim that is plausible on its face. Plaintiff's complaint lacks basic details, such as what happened, when it happened and who was involved. Plaintiff's generalized and conclusory statements and recitals of the elements of a claim are not sufficient. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the Rule 8 deficiencies of his complaint.

### B. Supervisory Liability

Plaintiff appears to bring suit against Defendant Beard based on his role as supervisor. However, supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir.2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir.2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir.2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

Plaintiff fails to state a cognizable claim against Defendant Beard. Plaintiff has not alleged that Defendant Beard was personally involved in the constitutional violation. Although Plaintiff alleges that Defendant Beard implemented a deficient medical treatment plan, Plaintiff does not identify the plan, explain the deficiencies in the plan or identify how the plan was the moving force behind any violation of Plaintiff's constitutional rights. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his claim against Defendant Beard.

///

### C.  Grievance Procedure

Plaintiff appears to bring suit against Defendant Zamora based on the denial of Plaintiff's inmate appeal.  Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

Plaintiff fails to state a cognizable claim against Defendant Zamora based on the denial of his inmate appeal.  Plaintiff's disagreement with the decision on appeal (or the decision of his medical providers) is not a sufficient basis to impose liability against Defendant Zamora.

### D.  Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make

an inference that "a substantial risk of serious harm exists" and he must make the inference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against Defendants Ola, Baniga, and Young.  Plaintiff's allegations against these physicians are conclusory and lack sufficient factual detail.  Plaintiff's apparent disagreement with his medical treatment plan and need for surgery is not sufficient to state a constitutional violation.  A difference of opinion between a prisoner and prison medical authorities regarding treatment does not give rise to a section 1983 claim.  <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981); <u>Mayfield v. Craven</u>, 433 F.2d 873, 874 (9th Cir. 1970).  Further, Plaintiff's allegations are conclusory and fail to provide sufficient factual detail.  Indeed, Plaintiff appears to omit prior factual allegations in an effort to state a cognizable.  Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his claims against Defendants Ola, Baniga and Young.

<u>Medical Authorization Review Committee</u>

Plaintiff disagrees with the Medical Authorization Review Committee's denial of his shoulder surgery.  As noted above, a difference of opinion between a prisoner and prison medical authorities as to what treatment is proper and necessary does not give rise to section 1983 claim.  <u>Mayfield</u>, 433 F.2d at 874.

**E.  Conclusion and Recommendation**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  Although Plaintiff has been granted multiple opportunities to cure the deficiencies in his complaint, he has been unable to do so and further leave to amend is not warranted.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted under section 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**November 9, 2016**__               ____/s/ *Barbara A. McAuliffe*____
                                                UNITED STATES MAGISTRATE JUDGE